Filed 5/10/22  P. v. Delacruz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GONZALDO DELACRUZ,<br><br>Defendant and Appellant. | F083165<br><br>(Merced Super. Ct. No. 21CR-01662)<br><br>**OPINION** |

APPEAL from orders of the Superior Court of Merced County.  David W. Moranda, Judge.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Kari Ricci Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

# FACTS

On April 30, 2021, the Merced County District Attorney filed a complaint charging defendant with one count of making criminal threats. (Pen. Code, § 422.)[1] At a hearing on May 19, 2021, defense counsel declared a doubt as to defendant's competency. The court suspended criminal proceedings pursuant to section 1368 and appointed a Dr. Zimmerman to evaluate defendant.

Dr. Zimmerman prepared a report. Based on the report, the court declared defendant incompetent to stand trial on July 2, 2021.

On July 20, 2021, defendant filed a written *Marsden*[2] motion. A declaration attached to the motion appears to have been preprinted, with blanks where defendant's name was handwritten. The declaration had several preprinted grounds for the *Marsden* motion, with a checkbox next to each. Defendant checked the boxes next to paragraphs indicating: counsel refused to confer with defendant concerning preparation of the defense; counsel failed to communicate with defendant; counsel failed to perform investigation(s) critical and necessary to the defense; counsel failed to file a motion critical to the defense; counsel failed to present evidence critical to the defense; and counsel failed to declare prejudice and/or conflict.

In a handwritten attachment to the motion, defendant said he had told his attorney on May 19, 2021, that he wanted to invoke his right to a speedy trial. Yet, when court resumed that day, counsel "went against my interest stating to the judge PC1368 without perform[]ing an investigation or presenting evidence." Counsel later told him that he would have gotten in trouble if he had invoked defendant's right to a speedy trial.

The handwritten attachment also stated that defendant had requested copies of all the minute orders in his case, and "a copy of my constitutional rights." Yet, as of June 22, 2021, defendant had not received the requested items.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.
[2] *People v. Marsden* (1970) 2 Cal.3d 118.

The handwritten attachment further alleged that counsel had caused undue delay by having criminal proceedings suspended.

On August 4, 2021, the court held a *Marsden* hearing. The court began by saying that "[i]t's been indicated that" a breakdown in communication between defendant and counsel had occurred. The court said, "Right now, I just want to talk about whether there's a breakdown in the communication. You can go ahead and tell me about it."

Defendant emphasized the handwritten attachment to his *Marsden* motion. When asked if he had anything to add, defendant said counsel was going against his best interests. When asked how counsel was doing that, defendant identified two things. First, defendant said, "Him going – basically, as him taking the MDOC medical – medical records and they're inconclusive. I was not on drugs. They stated that I'm bipolar. [¶] How can a nurse state that I'm bipolar? She's not a doctor." Second, defendant noted that he had requested that counsel invoke his right to a speedy trial, but counsel instead declared a doubt as to defendant's mental competency.

Counsel responded that he would like to "preserve confidentiality" with defendant. He said that he declared a doubt as to defendant's competency and put the reasons for that declaration on the record. Counsel then said he would "submit."

The court stated that some of defendant's argument were coherent, and others were not. The court found that defendant's competency issues were hindering his relationship with counsel, but those issues would be present regardless of who defendant's counsel was. The court denied defendant's *Marsden* motion.

Defendant then requested "proof of jurisdiction over subject matter" and declared that he reserved his rights under "Uniform Code 1-308 without prejudice." The court stated defendant's request was "noted."

DISCUSSION

## I. The Court Did Not Err Under *Marsden*

### *Law*

Criminal defendants are entitled to the assistance of court-appointed counsel if they are unable to employ private counsel. (*People v. Marsden*, *supra*, 2 Cal.3d at p. 123.) The court has some discretion in determining whether a substitution of counsel is needed to prevent substantial impairment or denial of this right. (*Id.* at p. 123.) It is improper for the court to try to exercise this discretion without affording the defendant an opportunity to present argument or evidence on the issue. (*Id.* at pp. 123–124.) These opportunities for defendant to express the grounds for a substitution request are called *Marsden* hearings.

"[A] *Marsden* hearing is not a full-blown adversarial proceeding, but an informal hearing in which the court ascertains the nature of the defendant's allegations regarding the defects in counsel's representation and decides whether the allegations have sufficient substance to warrant counsel's replacement." (*People v. Hines* (1997) 15 Cal.4th 997, 1025.)

"A trial court should grant a defendant's *Marsden* motion only when the defendant has made 'a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation' [citation], or stated slightly differently, 'if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.' " (*People v. Hines*, *supra*, 15 Cal.4th at pp. 1025–1026.)

### *Analysis*

Defendant complains the trial court's "only inquiry of trial counsel" was to ask, "Mr. Noguera?" However, this question came immediately after the court had defendant

identify the specific grounds for the *Marsden* motion. In context, it was clear that the court was asking trial counsel for his response to defendant's claims.

As the trial court would later note, some of defendant's statements were incoherent. For one, defendant's discussion of medical records did not make a coherent connection to inadequate representation by counsel. Because this ground was not stated in a comprehensible fashion, counsel could not be expected to offer a helpful, substantive response.

However, as the trial court also noted, some of defendant's statements *were* coherent. Specifically, defendant coherently alleged that he directed counsel to invoke his right a speedy trial and yet counsel failed to do so. When prompted to respond to defendant's claims, trial counsel noted that he had declared a doubt as to defendant's competency.[3] We note that section 1368, subdivision (b) expressly contemplates counsel informing a court that he or she believes their client is mentally incompetent. Pursuant to that provision, counsel declared a doubt as to defendant's mental competency at the May 19, 2021, hearing. This is relevant in explaining why counsel did not invoke his client's speedy trial right, considering that criminal proceedings were suspended upon counsel's declaration of doubt as to mental competency.

Defendant notes the trial court did not ask counsel about any "investigations or motions" as referenced in the written *Marsden* motion. However, the *Marsden* motion's reference to counsel allegedly failing to conduct appropriate investigations or file critical motions was unspecific, check-the-box boilerplate. Defendant did not provide anything specific on these topics for the court to ask counsel about.[4]

---

[3] Counsel also said he wanted to "preserve confidentiality." This is peculiar, because the hearing was held in closed court, with only the court, defense counsel, and defendant present.

[4] Except for the specific grounds addressed above.

Defendant cites *People v. Munoz* (1974) 41 Cal.App.3d 62, in which defendant Munoz alleged counsel told him he was guilty and had no chance. Munoz accused his attorney of not wanting to defend him. *Munoz* held the court erred in denying the *Marsden* motion without an inquiry into the "state of mind" of counsel. (*Id*. at p. 66.) Defendant contends the court made a similar error in the present case.

*Munoz* does not stand for the proposition that courts must inquire into counsel's state of mind at every *Marsden* hearing. In *Munoz*, the defendant made specific claims indicating counsel was not vigorously defending him – e.g., counsel telling defendant he was guilty and had no chance. In response to that "serious accusation," counsel was silent. (*People v. Munoz, supra*, 41 Cal.App.3d at p. 66.) In that circumstance, the court should have sought explanation from counsel. But, in that case, there was a specific reason to inquire into counsel's state of mind: the defendant's allegations of specific things counsel had said suggesting a possible failure to vigorously defend. In the present case, there was an adequate explanation for the comprehensible grounds for substitution advanced by defendant. No further inquiry was required.

## II. Defendant Did Not Make a Request to Represent Himself

Defendant next argues the court improperly "denied" him the right to represent himself. But there was apparently nothing to "deny," because defendant does not cite anything in the record establishing defendant made a request to represent himself.

### Law

Under *Faretta v. California* (1975) 422 U.S. 806, a defendants' choice to represent themselves must be honored. (*Id*. at p. 834.) To invoke this right, the defendant must make an unequivocal assertion of the right to self-representation. (*People v. Marshall* (1997) 15 Cal.4th 1, 20–23.)

### Analysis

At the beginning of a hearing on July 30, 2021, the court told defendant it had seen his request for a *Marsden* hearing, "but because right now you are – criminal proceedings

6.

have been suspended and you've been found incompetent, you can't act as your own attorney." The court made a similar statement later in the hearing, "I mean, if he's incompetent they can't really represent themselves, first of all, and they can't have a *Marsden*."

These statements by the court do suggest a conflation of the issues of *substituting* counsel under *Marsden* with the issue of *self-representation* under cases like *Faretta*. However, defendant has failed to show these comments were anything other than editorial "dicta." More importantly, comments by the *court* cannot constitute a *Faretta* motion/request by *defendant*.

The defendant insists the court "was not without jurisdiction to entertain a *Faretta* motion." That may well be, but defendant offers no record citation establishing that any such motion was made in this case.

## DISPOSITION

The court's July 30, 2021, and August 4, 2021, orders are affirmed.


POOCHIGIAN, ACTING P. J.

WE CONCUR:


DETJEN, J.


SNAUFFER, J.


7.